# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRADLEY CUE BIFELT,

                      Plaintiff,

    v.

JEFFREY SCOTT MCAFEE,

                      Defendant.

Case No. 4:25-cv-00003-SLG

## ORDER

On February 4, 2025, self-represented prisoner Bradley Cue Bifelt ("Plaintiff") filed a civil complaint against Alaska State Trooper ("AST") Jeffrey Scott McAfee.[1] On February 21, 2025, Plaintiff filed an application to waive prepayment of the filing fee.[2] The Complaint alleges that on or about April 19, 2023, Plaintiff was a passenger in a vehicle that was unreasonably seized by AST McAfee.[3] Plaintiff claims AST McAfee was threating and aggressive in ordering him to "pull down his hoodie."[4] Plaintiff claims he was running from the scene in fear of his life when AST McAfee sent his K-9 police dog after Plaintiff. Plaintiff claims the K-9 caused severe physical damage, and that Plaintiff now suffers from ongoing nightmares of the attack.[5] For relief, Plaintiff seeks $2 million in monetary damages

---

[1] Docket 1.

[2] Docket 3.

[3] Docket 1 at 2.

[4] Docket 1 at 2.

[5] Docket 1 at 2.

and indefinite sleep therapy at Defendant's expense.[6]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not

---

[6] Docket 1 at 3.

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 2 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 2 of 14

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 3 of 14
Case 4:25-cv-00003-SLG    Document 4    Filed 06/18/25    Page 3 of 14

[complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[17] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[19] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[20]

---

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[17] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[18] *Ashcroft,* 556 U.S. at 678.

[19] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[20] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 4 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 4 of 14

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[21] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[22] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[23] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[24]

### A. Cruel and Unusual Punishment

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.[25] The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care,

---

[21] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[22] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[23] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[24] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[25] *See Hudson v. McMillian,* 503 U.S. 1 (1992).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 5 of 14
Case 4:25-cv-00003-SLG     Document 4     Filed 06/18/25     Page 5 of 14

and must "take reasonable measures to guarantee the safety of the inmates."[26] However, the protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[27] Plaintiff was not a convicted prisoner in the custody of the state at the time of the alleged violations, and as such, the Eighth Amendment does not apply. Therefore, Plaintiff's claim against Trooper McAfee under the Eighth Amendment must be dismissed with prejudice and must not be included in any amended complaint.

### B. Claims of unreasonable seizure and excessive force

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures."[28] When an officer stops an automobile and detain its occupants, it constitutes a "seizure" within the meaning of the Fourth Amendment.[29] Passengers are considered seized during a traffic stop and may challenge the constitutionality of the stop under the Fourth Amendment.[30] However, if the facts demonstrate probable cause or reasonable

---

[26] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[27] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318); *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[28] U.S. Const. amend. IV.

[29] *Colorado v. Bannister,* 449 U.S. 1, 4, n. 3 (1980) *(per curiam)* ("There can be no question that the stopping of a vehicle and the detention of its occupants constitute a 'seizure' within the meaning of the Fourth Amendment.").

[30] *Brendlin v. California,* 551 U.S. 249, 249 (2007) (holding that when police make a traffic stop, a passenger in the car, like the driver, is seized for Fourth Amendment purposes and so may challenge the stop's constitutionality).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 6 of 14
Case 4:25-cv-00003-SLG     Document 4     Filed 06/18/25     Page 6 of 14

suspicion to justify a traffic stop, the stop is lawful regardless of the officer's motivations.[31]

Allegations of excessive force during an investigatory stop or arrest are examined under the Fourth Amendment's prohibition against unreasonable seizures.[32] Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.[33] The use of a police dog to apprehend a suspect can be considered excessive force if the severity of the intrusion on the individual's Fourth Amendment rights outweighs the government's interest in using that force.[34]

To determine whether force was "reasonable" under the Fourth Amendment, courts must carefully balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[35] In assessing "whether an officer's actions were objectively

---

[31] *Whren v. United States,* 517 U.S. 806, 810 (1996) ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). *See also Pulliam,* 405 F.3d 782, 787 (9th Cir. 2005) ("The malfunctioning taillight provided lawful grounds for the stop, regardless of the officers' motivations."); *United States v. Wallace,* 213 F.3d 1216, 1219 (9th Cir. 2000) ("[t]he fact that the alleged traffic violation is a pretext for the stop is irrelevant, so long as the objective circumstances justify the stop.").

[32] *Graham v. Connor,* 490 U.S. 386, 394 (1989).

[33] *Lombardo v. City of St. Louis,* 594 U.S. 464, 467 (2021). *See also Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (explaining that excessive force must be evaluated based on the totality of circumstances).

[34] *Lowry v. City of San Diego,* 858 F.3d 1248 (2017). *Cf. Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (holding that "excessive duration of the bite ... could constitute excessive force"); *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994) ("By all accounts, the force used to arrest Chew was severe. Chew was apprehended by a German Shepherd taught to seize suspects by biting hard and holding.").

[35] *Graham v. Connor,* 490 U.S. 386, 396 (1989) (internal quotation marks omitted).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 7 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 7 of 14

reasonable, [a court must] consider: '(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance between the gravity of the intrusion on the individual and the government's need for that intrusion.'"[36]

In assessing the level of force used, courts "assess both 'the risk of harm and the actual harm experienced.' "[37] "The greater the risk of harm and the actual harm involved, the greater the governmental interest must be to justify the use of force."[38] The strength of the government's interest in the force used is evaluated by examining three primary factors, commonly referred to as the *Graham* factors: (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight."[39] These factors, however, are not exclusive.[40] Courts "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case, whether or not listed in *Graham.*'" [41] The Supreme Court recently noted that "the 'totality of the

---

[36] *Williamson v. City of Nat'l City,* 23 F.4th 1146, 1151 (9th Cir. 2022) (quoting *Rice v. Morehouse,* 989 F.3d 1112, 1121 (9th Cir. 2021)).

[37] *Sabbe v. Washington Cnty. Board of Comm'rs,* 84 F.4th 807, 821 (9th Cir. 2023) (quoting *Nelson v. City of Davis,* 685 F.3d 867, 879 (9th Cir. 2012)).

[38] *Sabbe,* 84 F.4th at 821.

[39] *Glenn v. Washington Cnty.,* 673 F.3d 864, 872 (9th Cir. 2011) (quoting *Graham*, 490 U.S. at 396).

[40] *See Bryan v. MacPherson,* 630 F.3d 805, 826 (9th Cir. 2010).

[41] *Id.* (quoting *Franklin v. Foxworth,* 31 F.3d 873, 876 (9th Cir.1994)). *See also* Ninth Circuit

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 8 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 8 of 14

circumstances' inquiry into a use of force has no time limit. Of course, the situation at the precise time of the [use of force] will often be what matters most; it is, after all, the officer's choice in that moment that is under review. But earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones."[42] To assess whether an officer acted reasonably in using force, a court must pay " 'careful attention to the facts and circumstances' relating to the incident, as then known to the officer."[43] "For example, the "severity of the crime" prompting the stop can carry weight in the analysis. So too can actions the officer took during the stop, such as giving warnings or otherwise trying to control the encounter. And the stopped person's conduct is always relevant because it indicates the nature and level of the threat he poses, either to the officer or to others."[44]

Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—Plaintiff has alleged sufficient facts that could constitute a plausible excessive force claim. However, the form of the Complaint does not conform with Rule 10(b) of the Federal Rules of Civil Procedure. Rule 10(b) requires that "[a]

---

Manual of Model Civil Jury Instructions, Instruction 9.25 and the cases cited therein.

[42] *Barnes v. Felix,* 605 U.S. ----, 145 S. Ct. 1353 (2025) (holding that "moment-of-threat" rule conflicts with necessary inquiry into totality of the circumstances for assessing reasonableness of use of force).

[43] *Barnes v. Felix,* 145 S. Ct. at 1358 (quoting *Graham,* 490 U.S., at 396).

[44] *Id*. (internal cites and quotation marks omitted).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 9 of 14
Case 4:25-cv-00003-SLG     Document 4     Filed 06/18/25     Page 9 of 14

party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."  This means that a complaint must consist of short, continuously numbered paragraphs, and each paragraph should contain only one distinct set of factual allegations.  This format enables the party responding to a complaint to admit or deny each separate factual allegation by paragraph.

### III. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[45] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[46] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims.  It may contain only one claim.  If an amended complaint is handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended

---

[45] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[46] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 10 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 10 of 14

complaint.[47]

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether it may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that amended complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders. The amended complaint in this case must not include a claim for an Eighth Amendment violation by Trooper McAfee.

If Plaintiff fails to respond to this order, or if the amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and this case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order. An amended complaint must not include an Eighth Amendment claim against Trooper McAfee.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

---

[47] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 11 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 11 of 14

a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike for failure to state a claim without further notice to Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[48]

4. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[49] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

---

[48] *Spencer v. Barajas,* Case No. 24-2441, --- F.4th ----, 2025 WL 1600926 (9th Cir. 2025) (holding a prisoner's Rule 41(a)(1) voluntary dismissal does not count as "strike" under the Prison Litigant Reform Act's three-strikes provision).

[49] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 12 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 12 of 14

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[50] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[52] The Notice shall not include requests for any other relief.

---

[50] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[51] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[52] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 13 of 14
Case 4:25-cv-00003-SLG    Document 4    Filed 06/18/25    Page 13 of 14

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10.   With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 18th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00003-SLG, *Bifelt v. McAfee*
Screening Order
Page 14 of 14
Case 4:25-cv-00003-SLG   Document 4   Filed 06/18/25   Page 14 of 14