# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BRADLEY CUE BIFELT,

                    Plaintiff,

          v.

JEFFREY SCOTT MCAFEE and
JOHN DOES 1-5,

                    Defendants.

Case No. 4:25-cv-00003-ACP

## ORDER OF DISMISSAL

On January 7, 2026, the Court screened the First Amended Complaint ("FAC") filed in this case by self-represented prisoner Bradley Cue Bifelt ("Plaintiff").[1] In the Order Directing Service and Response ("ODSR"), the Court ordered Plaintiff to pay the filing fee or file a non-prisoner application to waive the filing fee within thirty (30) days of the date of that order.[2] On March 5, 2026, the Court's order reassigning this case to the undersigned was returned to the Court as undeliverable.[3] When an order of the Court or other mail is returned to the Court as undeliverable, a party must update his contact information within 14 days of the date of that order, or the Court may dismiss the case without further notice to the

---

[1] Docket 7.

[2] Docket 7 at 3-8.

[3] Docket 9.

plaintiff.[4]

Here, Plaintiff has not communicated with the Court since August 28, 2025, when he filed a Notice of Change of Address that provided the address on record with the Court.[5] Since that time, Plaintiff has failed to comply with the Court's order regarding the filing fee in this case before his February 7, 2026, deadline, even though the Court's ODSR was not returned to the Court as undeliverable.[6] Additionally, Plaintiff has failed to timely file a response to Defendant McAfee's motion to dismiss,[7] and he has failed to timely update his contact information after his mail was returned to the Court as undeliverable.[8]

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest

---

[4] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ( "Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[5] Docket 6.

[6] Docket 7.

[7] Docket 11 (Defendant's motion to dismiss filed 3/05/2026). *See also* D. Alaska Local Civil Rule 7.3(b)(1) (providing that "oppositions to motions brought under Fed. R. Civ. P. 12(b), 12(c), or 56 must be filed and served within 21 days of service of the motion.").

[8] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ( "Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 4:25-cv-00003-ACP, *Bifelt v. McAfee, et al.*
Order of Dismissal
Page 2 of 4
Case 4:25-cv-00003-ACP    Document 12    Filed 04/13/26    Page 2 of 4

in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[9]

Here, the first three factors—expeditious resolution, docket management, and risk of prejudice to Defendants—generally favor dismissal. Although public policy favors disposition of cases on their merits, Plaintiff's failure to respond to Defendant's Motion serves to defeat this goal and therefore the fourth factor also weighs in favor of dismissal.[10] The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[11] In three separate orders, the Court has cautioned Plaintiff that this case would be dismissed without further notice to Plaintiff if he failed to update his contact information with the Court, failed to meet a deadline, or otherwise failed to comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[12] Yet Plaintiff has failed to comply with the Court's order regarding the filing fee, failed to update his address as

---

[9] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[10] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (noting that a plaintiff has the burden to move toward disposition at a reasonable pace and to refrain from dilatory and evasive tactics).

[11] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citation omitted).

[12] *See* Dockets 2, 4, and 7.

Case No. 4:25-cv-00003-ACP, *Bifelt v. McAfee, et al.*
Order of Dismissal
Page 3 of 4

required by the Court's Local Rules, and failed to respond to Defendant McAfee's

Motion to Dismiss. Therefore, the fifth factor also weighs in favor of dismissal.

Based on the foregoing, this case must be dismissed with prejudice.[13] The

Court finds no other lesser sanction to be satisfactory or effective in this case.[14]

**IT IS THEREFORE ORDERED:**

1.      This action is **DISMISSED with prejudice**.

2.      All pending motions are **DENIED as moot.**

3.      The Clerk of Court shall issue a final judgment and close this case.

DATED this 13th day of April, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[13] *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,* 460 F.3d 1217, 1229 (9th Cir. 2006). *See also Morris*, 942 F.2d at 652 (rejecting a warning requirement in a case involving a noticed motion to dismiss).

[14] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

Case No. 4:25-cv-00003-ACP, *Bifelt v. McAfee, et al.*
Order of Dismissal
Page 4 of 4
Case 4:25-cv-00003-ACP     Document 12     Filed 04/13/26     Page 4 of 4